GRIFFIN, Judge.
American Multi-Cinema, Inc. (“tenant”) appeals a summary final judgment entered in favor of C.G. Gulf Property Associates, L.P. (“landlord”) in which it was determined that the landlord was entitled to percentage rental payments under a commercial lease. We reverse because the percentage rent computation formula contained in paragraph 19 of the lease,[1] on which the landlord relies, plainly cannot apply in this case. The percentage rent formula in paragraph 19 is designed to serve as a basis for calculation of percentage rent due after the landlord has followed the default procedure contained in the lease and has reentered the premises. Here it is undisputed that the landlord elected not to reenter and the tenant remains in possession.
The landlord relies on the following language in an earlier portion of paragraph 19:
Tenant covenants and agrees notwithstanding any entry or re-entry by Landlord ... to pay and be liable for on the days originally fixed herein for the payment thereof, amounts equal to the several installments of rent and other charges reserved as they would, under the term of this Lease, become due if this Lease had not been terminated or if Landlord had not entered or re-entered as aforesaid.... (emphasis added)
According to the landlord, this language means the percentage rent computation formula applies whether or not there is reentry. We disagree. That provision plainly means that the tenant is bound to pay amounts due under the lease even if the landlord elects to reenter the premises. Besides, there is no dispute that appellant has the obligations referenced in the quoted passage. The issue is whether the formula applies. Absent application of the percentage rent formula, there are material issues of disputed fact concerning whether percentage rent is owed and, if so, in what amount.
REVERSED and REMANDED.
COBB, and COWART, JJ., concur.

. "For the purposes of this Section, it shall be deemed that the percentage rent for any period after any such default and entry by Landlord would have been at a monthly rate thereafter equal to the average monthly percentage rent which Tenant was obligated to pay ... from the commencement hereof to the date of such default."